<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| OUSMAN D., <br><br>              Petitioner, <br><br>v. <br><br>THOMAS DECKER, et al., <br><br>              Respondents. | Civil Action No. 20-9646 (JMV) <br><br>**OPINION** |

**VAZQUEZ, District Judge:**

This matter originated with Petitioner Ousman D.'s[1] Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 and motion for a temporary restraining order, a preliminary injunction, and/or immediate release. (D.E. 1, 7.) Petitioner asserts two grounds for relief: unconstitutional conditions of confinement and a constitutionally deficient bond hearing. As to the conditions of confinement, the Court will be issuing a separate opinion denying Plaintiff's Petition and motion in light of the Third Circuit's recent decision in *Hope v. Warden York Cnty. Prison*, -- F.3d --, 2020 WL 5001785 (3d Cir. Aug. 25, 2020). The Court addresses the second ground as to the bond hearing in this decision and concludes that Petitioner did not receive a sufficient hearing because lesser alternatives to detention were not considered. As a result, the Court orders that Petitioner receive a constitutionally sound hearing within fourteen (14) days.

---

[1] Petitioner is identified herein only by his first name and the first initial of his surname in order to address certain privacy concerns associated with § 2241 immigration cases. This manner of identification comports with recommendations made by the Judicial Conference of the United States' Committee on Court Administration and Case Management.

**I.      Background**

Petitioner is an immigration detainee being held by ICE at the Bergen County Correctional Facility ("Bergen County Jail") in Hackensack, New Jersey.  Petitioner is a native and citizen of Gambia who entered the United States on September 2, 2001, as a nonimmigrant with authorization to remain the United States for a temporary period not to exceed March 1, 2002. (D.E. 11-5 at 1.)  Petitioner was served with a notice to appear charging him as a nonimmigrant who overstayed his visa sunder Section 237(a)(1)(B) of the Immigration and Nationality Act on February 16, 2011.  (*Id.*)  Petitioner has been arrested and charged with criminal offenses at least eight times, the most recent of which resulted in a guilty plea to robbery in the third degree in violation of New York state law ("2017 robbery conviction").  (D.E. 11-6 at 2.)  Petitioner was sentenced to 364-days incarceration for the robbery conviction.  (*Id.*)

On May 20, 2019, an Immigration Judge ("IJ") ordered Petitioner removed from the United States.  (D.E. 11-6.)  On or about November 14, 2019, the Board of Immigration Appeals ("BIA"), affirmed the IJ's decision.  (D.E. 11-8.)  Petitioner's order of removal became administratively final, and the authority for his detention switched to mandatory detention under 8 U.S.C. § 1231(a)(2).  On November 26, 2019, Petitioner filed a notice of appeal of the BIA's decision in the United States Court of Appeals for the Second Circuit.  (*See* Civ. Action No. 20-2292, D.E. 33 at ¶ 62.)  On December 3, 2019, Petitioner filed a motion for stay of removal in the Second Circuit.  (*Id.*)  On February 3, 2020, Petitioner received an unconditional pardon from New York Governor Andrew Cuomo for his 2017 robbery conviction.  (D.E. 1 at ¶ 49.) Petitioner filed a motion to reopen before the BIA on the basis of the pardon.  (*Id.* at ¶ 50.)  On March 16, 2020, Petitioner's motion to hold his circuit appeal in abeyance pending the outcome of his motion to reopen before the BIA was granted.  (*Id.* at ¶ 52.)

On March 20, 2020, Petitioner filed a motion for immediate release before this Court in the wake of the ongoing COVID-19 pandemic. At the time of the filing, Petitioner was detained pursuant to 8 U.S.C. § 1231(a)(2) for almost five months. On April 13, 2020, the Court issued an opinion and order denying Petitioner's petition for writ of habeas corpus challenging his immigration detention pursuant to 28 U.S.C. § 2241. (*See* Civil Action No. 20-2292, D.E. 57, 58.)

On May 8, 2020, an IJ convened a bond hearing in Petitioner's case pursuant to *Guerrero-Sanchez v. Warden York Cnty. Prison*, 905 F.3d 208 (3d Cir. 2018). (*Id.* at ¶ 54.) The IJ denied the request for change in custody status, finding "DHS established by clear and convincing evidence Respondent is an extremely high flight risk." (D.E. 11-9 at 2.) However, the IJ also found that Petitioner was not a danger to the community. (*Id.*) On May 19, 2020, the Second Circuit issued a stay of removal. (D.E. 1 at ¶ 55.) Petitioner subsequently filed a motion for custody redetermination, which an IJ denied on July 20, 2020. (D.E. 1 at ¶ 59, 11-12 at 2.)

On July 29, 2020, Petitioner filed the instant petition for writ of habeas corpus (D.E. 1), which was followed by a motion for a temporary restraining order, motion for preliminary injunction, and motion for immediate release. (D.E. 7.) Petitioner seeks immediate release; alternately, Petitioner asks the Court to convene a bond hearing or to order Respondents to grant him a bond hearing. Petitioner also requests for Respondents to be enjoined from re-arresting him for the purpose of civil immigration detention during the pendency of his removal proceedings. (D.E. 7-1 at 26.)

As noted, Petitioner has lived in the United States for 19 of his 26 years. As also noted, when Petitioner filed his first petition in Civil Action No. 20-2292, Petitioner was detained pursuant to 8 U.S.C. § 1231(a)(2) for almost five months. His overall immigration detention,

3

however, extends back to July 31, 2017. (D.E. 11-7.) Thus, he has now been in immigration detention for a total period of over three years. In addition, certain information submitted by Petitioner does not appear to be contested, including that he is married to a United States citizen, he and his wife are parents to a young daughter, he has a sister serving in the United States Marine Corps, he has been diagnosed with major depression and post traumatic stress disorder, and that his good behavior in the Bergen County Jail has resulted in the facility naming him his unit's "houseman." (D.E. 1 at ¶¶ 1, 31, 40-43). He also has a definitive release plan, including a place to quarantine before living with his wife and child, access to mental health treatment, and admission to job readiness programs.

## II. LEGAL STANDARD

Petitioner submits that he continues to be detained without a constitutionally adequate bond hearing. (D.E. 1 at ¶¶ 96-107.) The Court previously declined to consider Petitioner's argument that his December 2017 bond hearing was constitutionally deficient, because he was no longer detained under the same statute. (*See* 20-2292, D.E. 57 at 13.) Petitioner, once again, argues all of his prior bond hearings were constitutionally deficient. (D.E. 1 at ¶ 101.)

Since Petitioner's last petition was filed, the statute governing his detention changed from 28 U.S.C. § 1231(a) to 28 U.S.C. § 1226(a). Nonetheless, at Petitioner's last hearing before an IJ on May 13, 2020, Petitioner's detention was still governed by 28 U.S.C. § 1231(a).

Although this Court may not review an IJ's discretionary determination, *see* 8 U.S.C. § 1226(e), it may review "the legal standard underlying immigration officials' actions and to evaluate legal and constitutional claims on that basis." *Quinteros v. Warden Pike Cnty. Corr. Facility*, 784 F. App'x 75, 77 (3d Cir. 2019).

"[T]he Fifth Amendment entitles aliens to due process of law

>in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306, 113 S.Ct. 1439, 123 L.Ed.2d 1 (1993). The Supreme Court has repeatedly recognized that "[i]n the exercise of its broad power over naturalization and immigration, Congress regularly makes rules that would be unacceptable if applied to citizens." *Demore v. Kim*, 538 U.S. 510, 521, 123 S. Ct. 1708, 155 L. Ed. 2d 724 (2003) (citation omitted). At the same time, the Court has found limits on that power. *See, e.g.*, *Zadvydas v. Davis*, 533 U.S. 678, 690, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001) (concluding that "[a] statute permitting indefinite detention of an alien would raise a serious constitutional problem").

*Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 276 (3d Cir. 2018).

In *Guerrero-Sanchez*, the Third Circuit held that "'an alien facing prolonged detention under [8 U.S.C. § 1231(a)(6)] is entitled to a bond hearing before an immigration judge and is entitled to be released from detention unless the government establishes that the alien poses a risk of flight or a danger to the community.'" 905 F.3d at 224 (3d Cir. 2018) (quoting *Diouf v. Napolitano*, 634 F.3d 1081, 1092 (9th Cir. 2011)).

More recently, in *German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203 (3d Cir. 2020), the Circuit reviewed the parameters of due process as to a civil immigration detainee under 8 U.S.C. § 1226(c), a mandatory detention statute. The *German Santos* Court concluded that detention for more than two-and-a-half years was unreasonable, providing the petitioner a due process right to a bond hearing. *Id.* at 206. Four factors were considered by the Circuit in determining whether detention had become unconstitutionally unreasonable: the duration of detention (also the most important factor), the reasons for the delay (although an alien's good-faith challenge to his removal is not held against him), a determination whether the detention is likely to continue, a determination whether an alien's conditions of confinement are meaningfully different from criminal punishment. *Id.* at 210-11. Finally, the court in *German Santos* ruled that at the bond hearing, the government bore the burden of persuasion by clear and convincing

evidence that continued detention was appropriate. *Id.* at 213-14.

Here, Petitioner asserts the IJ improperly shifted the burden of proof at his May 2020 hearing. (D.E. 7-1 at 15.) He argues that the IJ considered Petitioner's extensive family ties in the United States when denying bond, which "effectively shift[d] the burden to [Petitioner.]" (*Id.*) The IJ's written order states that "DHS established by clear and convincing evidence Respondent is an extremely high flight risk." (D.E. 11-9 at 2.)

The difficulty with assessing Petitioner's argument as to the constitutionality of the bond hearing itself is that Petitioner fails to provide the underlying record. If the IJ improperly shifted the burden of proof to Petitioner, then the hearing would have been constitutionally deficient. However, the IJ's order reflects the burden was appropriately placed on the government. If, as Petitioner argues, the IJ found that Petitioner's strong ties to the community made him a flight risk, then the Court would also have concerns because it is not aware of such reasoning ever having been employed. Usually (if not always) it is the opposite – a lack of ties – that supports a finding of flight risk.[2] Because Petitioner has not provided the record from the bond hearing, and because Petitioner has the burden of proof, the Court cannot conclude that he received a constitutionally deficient bond hearing.

Petitioner, however, does raise an issue which Respondents have not contested. Petitioner asserts that the IJ failed to consider a release subject to appropriate conditions. Other district courts have ruled that an immigration judge is required to consider whether less restrictive

---

[2] Based on the evidence before this Court, the Court does not understand how the IJ could find that the government proved by any standard, much less clear and convincing evidence, that Petitioner was a flight risk. Yet, the Court is not authorized to conduct such a review. Moreover, because the Court does not have the record from the bond hearing, the Court does not know what evidence the IJ had before him.

6

alternatives to detention would address the government's legitimate purposes. *See Hechavarria v. Whitaker*, 358 F. Supp. 3d 227, 241-42 (W.D.N.Y. 2019).   And a court in this circuit has similarly authorized release pursuant to reasonable, individually tailored conditions.   *See Leslie v. Holder*, 865 F. Supp. 2d 627, 641 (M.D. Pa. 2012).   Because there is no evidence that the IJ considered less restrictive alternatives to detention – such as a release subject to specific conditions, including regular reporting and/or monitoring – the Court finds that the bond hearing failed to comply with due process.

For the foregoing reasons, the Court finds that Petitioner did not receive a constitutionally adequate bond hearing.

### III.    Conclusion

For the foregoing reasons, the Court grants the Petition and related motion as to the second claim for relief.[3]   An appropriate Order accompanies this Opinion.

Dated:

*[signature]*
JOHN MICHAEL VAZQUEZ
United States District Judge

---

[3] As noted, the Court will be issuing a separate Opinion denying Petitioner's first claim for relief.